IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS MUINDE N., <br> Plaintiff, <br> <br> <br> KILOLO KIJAKAZI, Acting <br> Commissioner of Social Security, | § <br> § <br> § <br> §     No. 3:21-cv-2624-G-BN <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Dennis Muinde N. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be affirmed.

## Background

Plaintiff alleges that he is disabled due to a variety of ailments. After his application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 6, 2020. *See* Dkt. No. 11-1 at 37-67. At the time of the hearing, Plaintiff was 37 years old. He attended college for one year and has past work experience as a surgical technologist during military service. Plaintiff has not engaged in substantial gainful activity since August 12, 2015.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id*. at 15-29. Although the medical evidence established that Plaintiff suffered from migraines, epilepsy, degenerative disc disease of the lumbar and cervical spine, depression disorder, posttraumatic stress disorder ("PTSD") and

1

traumatic brain injury, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range light work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a housekeeper cleaner, office helper, and merchandise marker -- jobs that exist in significant numbers in the national economy

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. More particularly, Plaintiff argues that: (1) after finding Plaintiff's migraine headaches were a severe impairment, the ALJ failed to properly accommodate for them in the RFC; and (2) the ALJ erred by failing to include more restrictive limitations on his ability to sit, stand, or walk "at one time."

The undersigned concludes that the hearing decision should be affirmed in all respects.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is

"more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2)

3

the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does

not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff argues the RFC finding is not supported by substantial evidence for two reasons: (1) the ALJ failed to consider the limiting effects or make accommodations for Plaintiff's migraine headaches, which she found to be a severe impairment; and (2) the ALJ failed to include more restrictive limitations on his ability to sit, stand, or walk. The Commissioner contends the RFC is supported by substantial evidence and remand is inappropriate because Plaintiff points to no evidence showing he has functional limitations that exceed those determined by the ALJ.

Although Plaintiff "frames the issue as one of substantial evidence, the Court should consider whether the failure of the ALJ to attribute any specific limitation to

[Plaintiff's] severe migraine impairment constitutes reversible error." *Sarah B. v. Berryhill*, No. 1:17-cv-0080-BL, 2018 WL 3763837, at *8 (N.D. Tex. June 29, 2018).

Finding impairments severe at Step Two "does not mandate additional limitations in the RFC." *Winston v. Berryhill*, No. 3:16-cv-419-BH, 2017 WL 1196861, at *12-14 (N.D. Tex. Mar. 31, 2017). "The ALJ must clearly consider the severe impairments in determining the claimant's RFC, not necessarily assess limitations for each severe impairment." *Id.* at *13 (citations omitted). Keeping in mind the differences between a Step Two severity finding and the RFC assessment, an ALJ "does not err solely because [he or] she finds an impairment 'severe' at step two but does not attribute any limitation to that impairment in assessing the claimant's RFC." *Sarah B*, 2018 WL 3763837at *9 ("Because the ALJ in this case expressly considered Claimant's severe migraine impairment when assessing her RFC, he did not err when he failed to attribute a specific limitation to that severe impairment [as] [t]he decision of the ALJ provides a sufficient explanation showing that he considered the severe impairment in making the RFC assessment notwithstanding the failure to specify a limitation directly attributable to her migraine headaches.") (citations omitted).

Here, after determining Plaintiff's migraines were a severe impairment, the ALJ considered Plaintiff's migraines under the criteria of listing 19-4p and determined that the signs, symptoms, and history of treatment presented by the medical evidence were inconsistent with listing-level severity. *See* Dkt. No. 11-1 at 18; *see also* Social Security Ruling 19-4p, Titles II and XVI: Evaluating Cases

6

Involving Primary Headache Disorder, 2019 WL 4169365, at *4 (Aug. 26, 2019) ("SSR 19-4p")).

In making the RFC determination, the ALJ discussed Plaintiff's testimony that he suffers from migraines four times per week, takes a rescue drug at the start of a migraine, lies down for three to four hours during a migraine, and experiences medication side effects such as sleepiness, tiredness, and irritability. *See id*. at 21.

Based on the objective evidence, the ALJ determined Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence. *See id*.

The ALJ noted that Plaintiff has suffered from chronic migraines since 2012, after he sustained a severe head concussion from an assault. *See id*. at 23-24. He has been treated for migraines with Depakote, Botox injections, Topamax, Propranolol, Imitrex, and Emgality. *See id*. at 24. Preventative medications were ineffective, and he continued to experience migraines four to five days a week while taking them. *See id*. Plaintiff reported that Imitrex eased the pain but did not provide complete relief. *See id*. Plaintiff presented for a neurological evaluation for headaches but could not stay for the examination due to another appointment. He was provided an education program on migraines and advised to keep a headache calendar. *See id*. at 25-26.

Both State Agency Examining Physicians determined Plaintiff's migraines were a severe impairment. *See id*. at 74, 92. Initially and on reconsideration, they determined Plaintiff could perform work at the medium exertional level. They did not suggest limitations initially, but on reconsideration found Plaintiff should avoid even

7

moderate exposure to hazards such as open machinery and unprotected heights. The ALJ found these medical opinions partially persuasive because although they were supported by the objective evidence available at the time they were made, they were not consistent with the longitudinal medical evidence which supports greater limitations. *See id.* at 26.

Both State Agency Examining Psychologists found that Plaintiff had moderate limitations in concentration, persistence or maintaining pace. *See id.* at 75, 92, 94. The ALJ found their opinions persuasive because they were supported by objective evidence and consistent with the longitudinal record. *See id.* at 26.

The ALJ determined that, due to several physical impairments, including migraines with associated light sensitivity and side effects of medication, Plaintiff could perform a limited range of light work, specifically, Plaintiff could lift, carry, push and/or pull twenty pounds occasionally and ten pounds frequently; stand, walk, and or sit six hours in an eight-hour workday; occasionally climb, stoop, kneel, crouch, and crawl; and should avoid all exposure to open, moving machinery and unprotected heights. Due to several mental impairments, including difficulty concentrating, the ALJ determined Plaintiff could understand, remember, and carry out detailed but not complex instructions; make decisions, attend, and concentrate for extended periods; interact occasionally with the public; and respond appropriately to changes in a routine work setting. *See id.* 20, 26.

According to the ALJ, it was reasonable to limit Plaintiff to a range of light exertion with restrictions on his exposure to hazards, postural maneuvers, and "the

most he can sit, stand, or walk at one time." *See id.* at 27. The ALJ explained that the nature of Plaintiff's treatment, findings made during his treatment, and his own statements about his activities of daily living did not support a more restrictive finding. The ALJ further explained that medical records documented Plaintiff's migraines but that physical examinations were unremarkable for limitations that would prevent a reduced range of light work. *See id.* The ALJ also listed activities of daily living that supported her RFC determination: Plaintiff lived independently, could handle self-care, prepare meals, perform household chores at his own pace, take his medication, watch television, go out alone, shop, drive, travel to Kenya, pay bills, manage finances, use the internet, complete online courses to become a respiratory therapist, and learn about the American Disabled Veterans Association four times a week. *See id.* The ALJ concluded that, although Plaintiff is "certainly limited to some degree," the record did not support that he was limited to the extent alleged. *See id.*

Plaintiff does not refer to any relevant objective evidence indicating that migraines and medication side effects reduced his RFC below what the ALJ found. Plaintiff does refer to language in SSR 19-4 listing photophobia as a symptom of primary headache disorder and including problems concentrating or remembering as an example of an observable sign of a typical headache event, *See* SSR 19-4p at *5, *6. The ALJ expressly considered Plaintiff's migraine-induce photophobia, *see* Dkt. No. 11-1 at 26, and Plaintiff does not refer the Court to any objective evidence showing the light sensitivity he experiences due to his migraines affects his ability to work.

9

Likewise, Plaintiff does not refer to any relevant medical evidence indicating that his migraines cause problems concentrating or remembering. Conversely, the ALJ cited objective medical evidence showing Plaintiff had good attention and concentration. *See id.* at 14, 17, 19.

The undersigned concludes the ALJ did not err by finding Plaintiff's migraines to be a severe impairment but not including limitations specifically tailored to migraines in the RFC.

Plaintiff also contends the ALJ erred by finding it "reasonable to limit the claimant to a range of light exertion with restrictions on … the most he can sit, stand, or walk at one time," *see id.* at 22, but then failing to include specific limitations in the RFC. In the RFC, the ALJ found Plaintiff could stand, walk, and or sit six hours in an eight-hour workday. These are the maximum physical exertional requirements for both light and medium work. *See* 20 C.F.R. 404.1567(b), (c). Plaintiff contends that the RFC determination is not supported by substantial evidence because, although the ALJ found Plaintiff had greater limitation in in his ability to sit, stand, or walk than the maximum exertional limitations for light work, the ALJ failed to include those specific limitations in the RFC.

But Plaintiff misinterprets the ALJ's reasonableness explanation. Reading the explanation paragraph in its entirety indicates that its purpose is to explain that "clinical and laboratory findings and other evidence of record" support the light RFC finding and why the record, including physical and mental status examinations, do not support "a more restrictive finding." *Id.* at 27. And, again, Plaintiff fails to cite

objective evidence showing that his limitations in sitting, standing, or walking are greater than those found by the ALJ.

The undersigned concludes that the RFC finding is supported by substantial evidence and recommends that the hearing decision be affirmed.

## Recommendation

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 21, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE